# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. F. LAZOR,<br><br>   Plaintiff,<br><br>  v.<br><br>A. HEDGPETH, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:07-cv-00410-OWW-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, FOR AN EVIDENTIARY HEARING, AND FOR THE APPOINTMENT OF COUNSEL, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PAY FILING FEE<br><br>(Doc. 9) |

  Plaintiff P. F. Lazor ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 14, 2007. On March 21, 2007, the Court issued an order finding plaintiff ineligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), and ordering plaintiff to pay the filing fee in full within thirty days. The Magistrate Judge granted plaintiff two extensions of time to comply with the order. In accordance with the Court's orders, the filing fee was due on or before August 9, 2007. Fed. R. Civ. P. 6(a), (e); Doc. 8. On August 28, 2007, plaintiff filed what the Court construes to be a motion for reconsideration of its March 21 order and a request for an evidentiary hearing.

  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.

///

1   P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not
2   more than one year after the judgment, order, or proceeding was entered or taken." Id.
3       Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin
4   Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
5   (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
6   the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634
7   F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
8   Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit
9   has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
10  clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986)
11  (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is
12  reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local
13  Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
14  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
15  motion."
16      28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n
17  no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more
18  prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court
19  of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state
20  a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious
21  physical injury." In case number 1:97-cv-06007-REC-DLB PC Lazor v. McCluskey, the Honorable
22  Robert E. Coyle found plaintiff was subject to 1915(g) and granted defendants' motion to dismiss
23  on that ground by order filed March 28, 2003. Judge Coyle counted eleven district court cases and
24  eight appellate court cases as qualifying strikes. Three such qualifying dismissals were 2:94-cv-
25  00421-LKK-GGH PC Lazor v. Jakobosky, 2:94-cv-00476-LKK-JFM PC Lazor v. White, and 2:94-
26  cv-00629-GEB-GGH PC Lazor v. Church.
27      Plaintiff asserts that Judge Coyle erred in concluding he is subject to section 1915(g), this
28  Court erred in relying on Judge Coyle's opinion, and the PLRA does not apply to plaintiff and his

past and present cases. Plaintiff's position is rejected. Plaintiff may not evade application of Judge Coyle's order by challenging and attempting to re-litigate Judge Coyle's findings in this case. Judge Coyle's order of March 28, 2003, was not challenged in that action by plaintiff, and remains in effect. Plaintiff was found to be subject to 1915(g) and, absent application of the imminent danger exception, may not proceed in forma pauperis in this action or any other qualifying action.

Plaintiff's complaint was screened and does not fall within the imminent danger exception. Plaintiff's argument to the contrary in his motion for reconsideration is rejected.

In his motion, plaintiff also seeks the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this early stage in the proceedings, the Court cannot make a determination that plaintiff would be likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id. Further, plaintiff is not entitled to proceed with this action unless he pays the filing fee, which he has not done. Accordingly, dismissal of this action is warranted.

///

///

Based on the foregoing, it is HEREBY ORDERED that plaintiff's motion for reconsideration, for an evidentiary hearing, and for the appointment of counsel, filed August 28, 2007, is DENIED, and this action is DISMISSED, without prejudice, for failure to pay the filing fee.

IT IS SO ORDERED.

**Dated:   August 31, 2007**              /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE